UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC. § | |
|    *Plaintiff*, § | |
| § | CIVIL ACTION NO. 2:10-CV-573 |
| V. § | |
| § | |
| RENT-A-CENTER, INC., ET AL. § | |
|    *Defendants*, § | |

_____

**ORIGINAL ANSWER OF DEFENDANT
AVALON GLOBAL GROUP, INC.**
_____

Defendant, Avalon Global Group, Inc. ("Avalon") files its Original Answer to the Complaint for Patent Infringement of Plaintiff, Geotag Inc., respectfully showing the Court the following:

**PARTIES**

1.  Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's complaint and, therefore, denies them.

2.  Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's complaint and, therefore, denies them.

3.  Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's complaint and, therefore, denies them.

4. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's complaint and, therefore, denies them.

5. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's complaint and, therefore, denies them.

6. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's complaint and, therefore, denies them.

7. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's complaint and, therefore, denies them.

8. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's complaint and, therefore, denies them.

9. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's complaint and, therefore, denies them.

10. Avalon admits the allegation contained in paragraph 10 of Plaintiff's complaint.

11. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's complaint and, therefore, denies them.

12. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's complaint and, therefore, denies them.

13. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's complaint and, therefore, denies them.

14. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's complaint and, therefore, denies them.

15. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's complaint and, therefore, denies them.

16. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's complaint and, therefore, denies them.

17. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's complaint and, therefore, denies them.

18. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's complaint and, therefore, denies them.

19. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's complaint and, therefore, denies them.

20. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's complaint and, therefore, denies them.

21. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's complaint and, therefore, denies them.

22. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's complaint and, therefore, denies them.

23. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's complaint and, therefore, denies them.

24. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's complaint and, therefore, denies them.

25. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's complaint and, therefore, denies them.

26. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's complaint and, therefore, denies them.

27. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's complaint and, therefore, denies them.

28. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's complaint and, therefore, denies them.

29. Avalon admits the allegation contained in paragraph 29 of Plaintiff's complaint.

30. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's complaint and, therefore, denies them.

31. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's complaint and, therefore, denies them.

32. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's complaint and, therefore, denies them.

33. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's complaint and, therefore, denies them.

34. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's complaint and, therefore, denies them.

35. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's complaint and, therefore, denies them.

36. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's complaint and, therefore, denies them.

37. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's complaint and, therefore, denies them.

38. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiff's complaint and, therefore, denies them.

39. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's complaint and, therefore, denies them.

40. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's complaint and, therefore, denies them.

41. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's complaint and, therefore, denies them.

42. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's complaint and, therefore, denies them.

## JURISDICTION AND VENUE

43. Avalon admits that Plaintiff purports to bring this action under the patent laws of the United States and, therefore, that the Court has jurisdiction pursuant to 28 U.S.C. § 1338(a). Avalon also admits that it has a website that is accessible by persons located in the forum. Avalon denies that the Court has personal jurisdiction over it. Avalon also denies that it does substantial business in the forum, that it has infringed any patent in the forum, that its website comprises infringing methods and apparatuses, that it regularly does or solicits business in Texas, that it engages in other persistent courses of conduct in Texas, and that it derives substantial revenue from goods and services provided to persons or entities in Texas. Avalon is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 43 of Plaintiff's complaint and, therefore, denies them.

44. Avalon admits that it has a website that is accessible by persons located in the district. Avalon denies that it is subject to personal jurisdiction in the district and that venue is proper in the district as to it. Avalon also denies that it does substantial business in the district, that it has infringed any patent in the district, that its website comprises infringing methods and apparatuses, that it regularly does or solicits business in the district, that it engages in other persistent courses of conduct in the district, and that it derives substantial revenue from goods

and services provided to persons or entities in the district. Avalon is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 44 of Plaintiff's complaint and, therefore, denies them.

45.   Avalon admits that Magistrate Judge Chad Everinham previously considered and construed certain claim terms of United States Patent 5,930,474 (the "'<u>474 Patent</u>"). Avalon denies the remaining allegations contained in paragraph 45 of Plaintiff's complaint and, therefore, denies them.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

46.   Avalon admits that on its face the '474 Patent is entitled "Internet Organizer for Accessing Geographically and Topically Based Information" and that it issued on July 29, 1999. Avalon denies the remaining allegations contained in paragraph 46 of Plaintiff's complaint, and, therefore, denies them.

47.   Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's complaint and, therefore, denies them.

48.   Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's complaint and, therefore, denies them.

49.   Avalon denies that allegations contained in paragraph 49 of Plaintiff's complaint as they relate to Avalon. Avalon is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 49 of Plaintiff's complaint and, therefore, denies them.

50. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiff's complaint and, therefore, denies them.

51. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiff's complaint and, therefore, denies them.

52. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 52 of Plaintiff's complaint and, therefore, denies them.

53. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiff's complaint and, therefore, denies them.

54. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 54 of Plaintiff's complaint and, therefore, denies them.

55. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's complaint and, therefore, denies them.

56. Avalon denies the allegations contained in paragraph 56 of Plaintiff's complaint.

57. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 57 of Plaintiff's complaint and, therefore, denies them.

58. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 58 of Plaintiff's complaint and, therefore, denies them.

59. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 59 of Plaintiff's complaint and, therefore, denies them.

60. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 60 of Plaintiff's complaint and, therefore, denies them.

61. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 61 of Plaintiff's complaint and, therefore, denies them.

62. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 62 of Plaintiff's complaint and, therefore, denies them.

63. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 63 of Plaintiff's complaint and, therefore, denies them.

64. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's complaint and, therefore, denies them.

65. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 65 of Plaintiff's complaint and, therefore, denies them.

66. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 66 of Plaintiff's complaint and, therefore, denies them.

67. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 67 of Plaintiff's complaint and, therefore, denies them.

68. Avalon denies the allegations contained in paragraph 68 of Plaintiff's complaint.

69. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiff's complaint and, therefore, denies them.

70. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 70 of Plaintiff's complaint and, therefore, denies them.

71. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 71 of Plaintiff's complaint and, therefore, denies them.

72. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 72 of Plaintiff's complaint and, therefore, denies them.

73. Avalon is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 73 of Plaintiff's complaint and, therefore, denies them.

74. The allegations of paragraph 74 of Plaintiff's complaint are legal in nature and require no response from Avalon. To the extent that paragraph 74 is deemed to require a response, the allegations are denied.

75. Avalon denies the allegations contained in paragraph 75 of Plaintiff's complaint as they relate to Avalon. Avalon is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 75 and, therefore, denies them.

## PRAYER FOR RELIEF

Avalon denies that Plaintiff is entitled to the relief prayed for as it relates to Avalon.

## DEFENSES

Without altering the burdens of proof, Avalon asserts the following affirmative and other defenses to Plaintiff's claims.

## FIRST DEFENSE

1. This Court lacks personal jurisdiction over Avalon.

## SECOND DEFENSE

2. Venue is improper as it relates to Avalon.

## THIRD DEFENSE

3. Plaintiff has failed to state a claim upon which relief can be granted and/or fails to plead the required allegations with sufficient particularity.

**FOURTH DEFENSE**

4. Avalon has not infringed and is not infringing the '474 Patent, either literally or under the doctrine of equivalents, nor has Avalon actively induced or contributed to any infringement of the '474 Patent.

**FIFTH DEFENSE**

5. The '474 Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 100 et seq., including §§ 101, 102, 103, and 112.

**SIXTH DEFENSE**

6. Plaintiff's attempted enforcement of the '474 Patent is barred, in whole or in part, by the doctrine of laches, waiver, acquiescence and/or estoppel.

WHEREFORE, Defendant, Avalon Global Group, Inc., prays that the Court:

A. Dismiss the Plaintiff's Complaint for Patent Infringement with prejudice;

B. Declare the '474 Patent invalid and/or that Avalon has not infringed the '474 Patent;

C. Award Avalon its reasonable and necessary attorneys' fees and expenses;

D. Award Avalon its costs of Court; and

E. Award Avalon all other relief to which it is justly entitled.

Respectfully submitted,

GORDON, ARATA, MCCOLLAM,
 DUPLANTIS & EAGAN, LLC

/s/  *Charles L. Stinneford*
Charles L. Stinneford
State Bar No. 00785057
1980 Post Oak Blvd.
Suite 1800
Houston, Texas 77056
(713) 333-5500 Telephone
(713) 333-5501 Facsimile

*Attorney for Avalon Global Group, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on this 11th day of March 2011, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ *Charles L. Stinneford*
Charles L. Stinneford