**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **GEOTAG, INC.,**  *Plaintiff*,  v.  **RENT-A-CENTER, INC. ET AL.**  *Defendants*. | Case No. 2:10-cv-573-TJW-CE  **Jury Trial Demanded** |

**DEFENDANT REINALT-THOMAS CORPORATION'S ANSWER TO GEOTAG, INC.'S COMPLAINT AND COUNTERCLAIMS**

Defendant The Reinalt-Thomas Corp. ("Reinalt-Thomas") responds to Plaintiff's Complaint For Patent Infringement ("Complaint") as follows:

**PARTIES**

1. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and on that basis, denies all such allegations.

2. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and on that basis, denies all such allegations.

3. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and on that basis, denies all such allegations.

4. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and on that basis, denies all such allegations.

5. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and on that basis, denies all such allegations.

6. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and on that basis, denies all such allegations.

7. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and on that basis, denies all such allegations.

8. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis, denies all such allegations.

9. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis, denies all such allegations.

10. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and on that basis, denies all such allegations.

11. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and on that basis, denies all such allegations.

12. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and on that basis, denies all such allegations.

13. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and on that basis, denies all such allegations.

14. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and on that basis, denies all such allegations.

15. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and on that basis, denies all such allegations.

16. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and on that basis, denies all such allegations.

17. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and on that basis, denies all such allegations.

18. As to the allegations in Paragraph 18, Reinalt-Thomas admits that Discount Tire Company, Inc. ("DTC Arizona") has a place of business in Scottsdale, Arizona, but affirmatively alleges that DTC Arizona is a wholly-owned subsidiary of Reinalt-Thomas that manages and operates only Reinalt-Thomas' Arizona operations. DTC Arizona does not control or oversee

the accused system. Counsel for Reinalt-Thomas and Plaintiff have met and conferred concerning this issue and Plaintiff is agreeable to dismissing DTC Arizona from this case.

19. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and on that basis, denies all such allegations.

20. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and on that basis, denies all such allegations.

21. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and on that basis, denies all such allegations.

22. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and on that basis, denies all such allegations.

23. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and on that basis, denies all such allegations.

24. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and on that basis, denies all such allegations.

25. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and on that basis, denies all such allegations.

26. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and on that basis, denies all such allegations.

27. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and on that basis, denies all such allegations.

28. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and on that basis, denies all such allegations.

29. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and on that basis, denies all such allegations.

30. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and on that basis, denies all such allegations.

31. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and on that basis, denies all such allegations.

32. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and on that basis, denies all such allegations.

33. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and on that basis, denies all such allegations and on that basis, denies all such allegations.

34. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and on that basis, denies all such allegations.

35. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and on that basis, denies all such allegations.

36. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and on that basis, denies all such allegations.

37. Reinalt-Thomas admits that it has a place of business in Scottsdale, Arizona. As to the reference to DTC Arizona in Paragraph 37, Reinalt-Thomas incorporates its allegations in Paragraph 18 above. To the extent the remainder of Paragraph 37 includes allegations that require a response, Reinalt-Thomas denies those allegations.

38. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and on that basis, denies all such allegations.

39. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and on that basis, denies all such allegations.

40. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and on that basis, denies all such allegations.

41. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and on that basis, denies all such allegations.

42. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and on that basis, denies all such allegations.

## JURISDICTION AND VENUE

43. As to the allegations in Paragraph 43, Reinalt-Thomas denies that it has committed any acts of infringement in this District and further denies that its website consists of any purported infringing methods and apparatuses. Reinalt-Thomas admits that this action purports to arise under the patent laws of the United States, Title 35 of the United States Code and that this Court has subject matter jurisdiction over patent matters pursuant to 28 U.S.C. §§ 1331 and 1338(a). Reinalt-Thomas admits that it operates stores in the Eastern District of Texas, and admits that it has a website that is accessible to residents in the Eastern District of Texas. While Reinalt-Thomas does not contest personal jurisdiction in this matter, it denies all remaining allegations contained in Paragraph 43.

44. While Reinalt-Thomas does not contest venue as to this specific case, it denies that venue is convenient in this District and therefore denies the allegations in Paragraph 44.

45. While Reinalt-Thomas does not contest venue as to this specific case, it denies that venue is convenient in this District and therefore denies the allegations in Paragraph 45. As

to the "parallel action" referenced by Plaintiff in Paragraph 45, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

## COUNT 1

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,930,474

46. Reinalt-Thomas admits that United States Patent No. 5,930,474 (the "'474 Patent") bears, on its face, the title "Internet Organizer For Accessing Geographically And Topically Based Information" and bears, on its face, an issue date of July 27, 1999. Reinalt-Thomas denies any remaining allegations contained in Paragraph 46.

47. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and on that basis, denies all such allegations.

48. Reinalt-Thomas denies the allegations in Paragraph 48.

49. To the extent the allegations of Paragraph 49 are directed to Reinalt-Thomas, Reinalt-Thomas denies those allegations and specifically denies that it infringes any valid and enforceable claim of the '474 Patent. Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 49 and on that basis, denies all such allegations.

50. Paragraph 50 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 50 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

51. Paragraph 51 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 51 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

52. Paragraph 52 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 52 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

53. Paragraph 53 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 53 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

54. Paragraph 54 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 54 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

55. Paragraph 55 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 55 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

56. Paragraph 56 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 56 is deemed to require a response, Reinalt-Thomas is without

knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

57. Paragraph 57 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 57 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

58. Paragraph 58 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 58 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

59. Paragraph 59 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 59 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

60. Paragraph 60 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 60 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

61. Reinalt-Thomas denies the allegations in Paragraph 61 and affirmatively alleges that it does not infringe any valid and enforceable claim of the '474 Patent.

62. Paragraph 62 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 62 is deemed to require a response, Reinalt-Thomas is without

knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

63. Paragraph 63 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 63 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

64. Paragraph 64 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 64 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

65. Paragraph 65 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 65 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

66. Paragraph 66 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 66 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

67. Paragraph 67 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 67 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

68. Paragraph 68 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 68 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

69. Paragraph 69 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 69 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

70. Paragraph 70 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 70 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

71. Paragraph 71 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 71 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

72. Paragraph 72 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 72 is deemed to require a response, Reinalt-Thomas is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

73. Paragraph 73 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 73 is deemed to require a response, Reinalt-Thomas is without

knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis, denies all such allegations.

74. Paragraph 74 of the Complaint does not require a response by Reinalt-Thomas, and to the extent that paragraph 74 is deemed to require a response, Reinalt-Thomas denies any suggestion or allegation that it has willfully infringed any valid and enforceable claim of the '474 Patent.

75. To the extent the allegations of Paragraph 75 are directed to Reinalt-Thomas, Reinalt-Thomas denies such allegations. Reinalt-Thomas denies any suggestion or allegation that it has infringed any valid and enforceable claim of the '474 Patent.

\* \* \*

Reinalt-Thomas denies each and every allegation in Plaintiff's Complaint not specifically admitted above. Reinalt-Thomas specifically denies that Plaintiff is entitled to any relief of any kind as a result of any act by Reinalt-Thomas or any person or entity acting on behalf of Reinalt-Thomas.

## **PLAINTIFF'S PRAYER FOR RELIEF**

No response is required to the prayer for relief in the Complaint. To the extent the prayer for relief contains any allegations that require a response, Reinalt-Thomas denies those allegations.

## AFFIRMATIVE DEFENSES

### First Defense

Reinalt-Thomas does not infringe, directly or indirectly, any valid, enforceable claim of the '474 Patent.

### Second Defense

The '474 Patent is invalid because the disclosure and/or claims therein fail to satisfy one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Defense

Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is neither immediate nor irreparable, and Plaintiff has an adequate remedy at law.

### Fourth Defense

Plaintiff's damages, if any, are limited under the marking requirements of 35 U.S.C. § 287.

### Fifth Defense

Plaintiff's attempted enforcement of the '474 Patent against Reinalt-Thomas is barred by laches and estoppel.

### Sixth Defense

The claims of the '474 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Reinalt-Thomas.

### Seventh Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

The Reinalt-Thomas Corporation ("Reinalt-Thomas") files these counterclaims against GeoTag, Inc. ("GeoTag") and alleges as follows:

### The Parties

1.      Reinalt-Thomas is a Michigan corporation with its principal offices at 20225 N. Scottsdale Road, Scottsdale, Arizona 85255.

2.      On information and belief, GeoTag is a Delaware Corporation with a place of business at 555 Republic Drive, Suite 200, Plano, Texas 75074.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 because the counterclaims arise under the patent laws of the United States.

4.      This Court has personal jurisdiction over GeoTag.

5.      Subject to Reinalt-Thomas's defenses and denials, venue as to these Counterclaims is proper in this District pursuant to 28 U.S.C. § 1391(b).

### COUNT I
### NON-INFRINGEMENT OF U.S. PATENT NO. 5,930,474

6.      Reinalt-Thomas re-alleges its allegations in Paragraphs 1 through 5 of these Counterclaims.

7.      In its Complaint, GeoTag alleges that Reinalt-Thomas infringes U.S. Patent No. 5,930,474 ("the '474 Patent").

8.      As a result of GeoTag's allegation, an actual controversy has arisen and now exists between the parties as to whether Reinalt-Thomas infringes any claim of the '474 Patent. This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

9.  Reinalt-Thomas does not infringe any claim of the '474 Patent, either directly or indirectly.

10. Pursuant to 28 U.S.C. § 2201 *et seq.*, a judicial declaration that Reinalt-Thomas does not infringe any claim of the '474 Patent is necessary and appropriate so that Reinalt-Thomas can ascertain its rights as to the '474 Patent.

11. To the extent the facts disclosed or learned during this case demonstrate that GeoTag filed its complaint or maintained this case with knowledge of the facts set forth in this Counterclaims, Reinalt-Thomas reserves the right to request such a finding at or before trial and to seek a finding that this is an exceptional case under 35 U.S.C. § 285.

## COUNT II
## INVALIDITY OF U.S. PATENT NO. 5,930,474

12. Reinalt-Thomas re-alleges its allegations in Paragraphs 1 through 11 of these Counterclaims.

13. In its Complaint, GeoTag alleges that Reinalt-Thomas infringes the '474 Patent.

14. As a result of Geotag's allegation, an actual controversy has arisen and now exists between the parties as to whether the '474 Patent is invalid.  This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

15. The '474 Patent is invalid because it fails to satisfy one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

16. Pursuant to 28 U.S.C. § 2201 *et seq.,* a judicial declaration that the '474 Patent is invalid is necessary and appropriate so that Reinalt-Thomas can ascertain its rights as to the '474 Patent.

17. To the extent the facts disclosed or learned during this case demonstrate that GeoTag filed its complaint or maintained this case with knowledge of the facts set forth in this Counterclaims, Reinalt-Thomas reserves the right to request such a finding at or before trial and to seek a finding that this is an exceptional case under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

18. Reinalt-Thomas demands a trial by jury on all issues, including those in connection with its Counterclaims.

## REQUESTED RELIEF

WHEREFORE, having fully responded to GeoTag's Complaint and having asserted its Counterclaims against GeoTag, Reinalt-Thomas requests judgment and entry of an order:

a. Dismissing GeoTag's Complaint with prejudice, with GeoTag taking nothing;

b. Declaring that Reinalt-Thomas has not infringed and does not infringe any claim of the '474 Patent, either directly or indirectly;

c. Declaring that the '474 Patent is invalid;

d. If applicable, finding that this is an exceptional case under 35 U.S.C. § 285 and awarding to Reinalt-Thomas its reasonable attorneys' fees and costs incurred in this action; and

e. Granting Reinalt-Thomas any other relief that the Court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

Dated March 16, 2011.                          Respectfully submitted,

                                                */s/ Brian W. LaCorte*
Brian W. LaCorte (AZ Bar No. 012237)
lacorteb@ballardspahr.com
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004
Telephone: 602.798.5400
Fax: 602.798.5595

William Cornelius
wc@wilsonlawfirm.com
State Bar No. 04834700
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711-7339
Telephone: 903.509.5000
Facsimile: 903.509.5091

ATTORNEYS FOR DEFENDANT THE
REINALT-THOMAS CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 16, 2011.

                                                */s/ Brian W. LaCorte*
                                                Brian W. LaCorte
                                                Ballard Spahr LLP