IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:10-cv-573-TJW-CE |
| | ) | |
| RENT-A-CENTER, INC.; *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TRANE U.S. INC. and TRANE, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Trane U.S. Inc. and Trane, Inc. (collectively "Trane") answer Plaintiff's

Complaint for Patent Infringement as follows:

**PARTIES**

1.     Plaintiff GEOTAG, INC. ("GEOTAG" or "Plaintiff") is a Delaware Corporation with a

place of business in Plano, Texas.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in paragraph 1 of Plaintiff's complaint and, therefore denies

them.

2.     On information and belief, Defendant RENT-A-CENTER, INC. ("RENT-ACENTER")

has a place of business in Plano, Texas.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in paragraph 2 of Plaintiff's complaint and, therefore denies

them.

3.      On information and belief, Defendant ALAMO RENT A CAR, LLC ("ALAMO") has a place of business in Fort Lauderdale, Florida.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's complaint and, therefore denies them.

4.      On information and belief, Defendant ADVANCE AUTO PARTS, INC. has a place of business in Roanoke, Virginia.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's complaint and, therefore denies them.

5.      On information and belief, Defendant ADVANCE STORES COMPANY, INC. has a place of business in Roanoke, Virginia.  Hereinafter ADVANCE AUTO PARTS, INC. and ADVANCE STORES COMPANY, INC. are collectively referred to as "ADVANCE AUTO."

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's complaint and, therefore denies them.

6.      On information and belief, Defendant APPLIED INDUSTRIAL TECHNOLOGIES, INC. has a place of business in Cleveland, Ohio.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's complaint and, therefore denies them.

7.      On information and belief, Defendant AS AMERICA, INC. D/B/A AMERICAN

STANDARD BRANDS D/B/A AMERICAN STANDARD has a place of business in

Piscataway, New Jersey.  Hereinafter APPLIED INDUSTRIAL TECHNOLOGIES, INC. and

AS AMERICA, INC. D/B/A AMERICAN STANDARD BRANDS D/B/A AMERICAN

STANDARD are referred to as ("APPLIED").

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in paragraph 7 of Plaintiff's complaint and, therefore denies

them.

8.      On information and belief, Defendant AUTONATION, INC. ("AUTONATION") has a

place of business in Fort Lauderdale, Florida.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in paragraph 8 of Plaintiff's complaint and, therefore denies

them.

9.      On information and belief, Defendant AUTOZONE, INC. ("AUTOZONE") has a place

of business in Memphis, Tennessee.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in paragraph 9 of Plaintiff's complaint and, therefore denies

them.

10.     On information and belief, Defendant AVALON GLOBAL GROUP, INC.;

("AVALON") has a place of business in St. Petersburg, Florida.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's complaint and, therefore denies them.

11.     On information and belief, Defendant AVIS BUDGET GROUP, INC. has a place of business in Parsippany, New Jersey.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's complaint and, therefore denies them.

12.     On information and belief, Defendant AVIS RENT A CAR SYSTEM, LLC has a place of business in Parsippany, New Jersey. Hereinafter AVIS BUDGET GROUP, INC. and AVIS RENT A CAR SYSTEM, LLC are collectively referred to as "AVIS BUDGET."

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's complaint and, therefore denies them.

13.     On information and belief, Defendant BRAKE CENTERS OF THE SOUTHWEST, INC. D/B/A JUST BRAKES ("BRAKE CENTERS") has a place of business in Dallas, Texas.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's complaint and, therefore denies them.

14.     On information and belief, Defendant CARMAX BUSINESS SERVICES, LLC has a place of business in Richmond, Virginia.

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's complaint and, therefore denies them.

15.    On information and belief, Defendant CARMAX, INC. has a place of business in Richmond, Virginia. Hereinafter, CARMAX BUSINESS SERVICES, and CARMAX, INC. are collectively referred to as "CARMAX."

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's complaint and, therefore denies them.

16.    On information and belief, Defendant CHRISTUS HEALTH A/K/A CHRISTUS HEALTH NON-PROFIT CORP. has a place of business in Irving, Texas.

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's complaint and, therefore denies them.

17.    On information and belief, Defendant CHRISTUS HEALTH FOUNDATION has a place of business in Irving, Texas. Hereinafter CHRISTUS HEALTH A/K/A CHRISTUS HEALTH NON-PROFIT CORP. and CHRISTUS HEALTH FOUNDATION are collectively referred to as "CHRISTUS."

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's complaint and, therefore denies them.

18.     On information and belief, Defendant DISCOUNT TIRE CO. D/B/A DISCOUNT TIRE D/B/A AMERICA'S TIRE has a place of business in Scottsdale, Arizona.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's complaint and, therefore denies them.

19.     On information and belief, Defendant DOLLAR RENT A CAR, INC. has a place of business in Tulsa, Oklahoma.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's complaint and, therefore denies them.

20.     On information and belief, Defendant DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. has a place of business in Tulsa, Oklahoma.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's complaint and, therefore denies them.

21.     On information and belief, Defendant E-ADVANCE, LLC has a place of business in Roanoke, Virginia.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's complaint and, therefore denies them.

22.     On information and belief, Defendant ENTERPRISE HOLDING, INC. has a place of business in Tulsa, Oklahoma.

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's complaint and, therefore denies them.

23.    On information and belief, Defendant ENTERPRISE RENT-A-CAR CO. has a place of business in Tulsa, Oklahoma.

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's complaint and, therefore denies them.

24.    On information and belief, Defendant GROUP 1 AUTOMOTIVE, INC. D/B/A GROUP ONE AUTOMOTIVE ("GROUP 1") has a place of business in Houston, Texas.

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's complaint and, therefore denies them.

25.    On information and belief, Defendant INTERSTATE BATTERY SYSTEMS OF AMERICA, INC. ("INTERSTATE BATTERY") has a place of business in Dallas, Texas.

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's complaint and, therefore denies them.

26.    On information and belief, Defendant JUST BRAKES OF NEVADA, INC. D/B/A JUST BRAKES ("JUST BRAKES OF NEVADA") has a place of business in Dallas, Texas.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's complaint and, therefore denies them.

27.     On information and belief, Defendant NATIONAL CAR RENTAL SYSTEM, INC. ("NATIONAL") has a place of business in Tulsa, Oklahoma.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's complaint and, therefore denies them.

28.     On information and belief, Defendant O'REILLY AUTOMOTIVE, INC. DBA O'REILLY AUTO PARTS ("O'REILLY") has a place of business in Springfield, Missouri.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's complaint and, therefore denies them.

29.     On information and belief, Defendant PAYLESS CAR RENTAL SYSTEM, INC. ("PAYLESS") has a place of business in St. Petersburg, Florida.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's complaint and, therefore denies them.

30.     On information and belief, Defendant PENSKE AUTOMOTIVE GROUP, INC. ("PENSKE") has a place of business in Reading, Pennsylvania.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's complaint and, therefore denies them.

31.     On information and belief, Defendant PENSKE CORP. has a place of business in Reading, Pennsylvania.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's complaint and, therefore denies them.

32.     On information and belief, Defendant PENSKE SYSTEM, INC. has a place of business in Reading, Pennsylvania.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's complaint and, therefore denies them.

33.     On information and belief, Defendant PENSKE TRUCK LEASING CO., L.P. has a place of business in Reading, Pennsylvania. Hereinafter PENSKE CORP., PENSKE SYSTEM, INC. and PENSKE TRUCK LEASING CO., L.P. are collectively referred to as "PENSKE."

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's complaint and, therefore denies them.

34.     On information and belief, Defendant RHINO LININGS CORP. ("RHINO") has a place of business in San Diego, California.

**ANSWER:** Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's complaint and, therefore denies them.

35.     On information and belief, Defendant THE HERTZ CORP. D/B/A HERTZ CORP. D/B/A HERTZ CAR RENTAL ("HERTZ") has a place of business in Park Ridge, New Jersey.

**ANSWER:** Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's complaint and, therefore denies them.

36.     On information and belief, Defendant THE PEP BOYS -- MANNY, MOE & JACK D/B/A PEP BOYS ("PEP BOYS") has a place of business in Philadelphia, Pennsylvania.

**ANSWER:** Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's complaint and, therefore denies them.

37.     On information and belief, Defendant THE REINALT-THOMAS CORP. has a place of business in Scottsdale, Arizona. Hereinafter DISCOUNT TIRE CO. D/B/A DISCOUNT TIRE D/B/A AMERICA'S TIRE and THE REINALT-THOMAS CORP. are collectively referred to as "DISCOUNT TIRE."

**ANSWER:** Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's complaint and, therefore denies them.

38.     On information and belief, Defendant THRIFTY, INC. D/B/A THRIFTY CAR RENTAL ("THRIFTY") has a place of business in Tulsa, Oklahoma. Hereinafter THRIFTY, INC. D/B/A THRIFTY CAR RENTAL, DOLLAR RENT A CAR, INC. and DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. are collectively referred to as "DOLLAR THRIFTY."

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiff's complaint and, therefore denies them.

39.     On information and belief, Defendant TRANE U.S. INC. has a place of business in Piscataway, New Jersey.

**ANSWER:**     Trane U.S. Inc. admits the allegation contained in paragraph 39 of Plaintiff's complaint.

40.     On information and belief, Defendant TRANE, INC. F/K/A AMERICAN STANDARD COMPANIES, INC. has a place of business in Piscataway, New Jersey. Hereinafter, defendants TRANE U.S. INC. and TRANE, INC. F/K/A AMERICAN STANDARD COMPANIES, INC. are referred to as ("TRANE").

**ANSWER:**     Trane admits that Trane Inc. was formerly known as American Standard Companies Inc.  The name American Standard was sold along with a portion of the business in or about 2007, with Trane retaining certain rights to the brand name "American Standard Heating and Cooling."  Trane Inc. is a holding company for Trane U.S. Inc.  Trane admits that Trane Inc. has a place of business in Piscataway, New Jersey.  Trane denies any remaining allegations contained in paragraph 40 of Plaintiff's complaint.

41.     On information and belief, Defendant VANGUARD CAR RENTAL GROUP INC. has a place of business in Tulsa, Oklahoma. On information and belief, Defendant VANGUARD CAR RENTAL USA INC. D/B/A ALAMO RENT A CAR D/B/A NATIONAL CAR RENTAL has a place of business in Tulsa, Oklahoma.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's complaint and, therefore denies them.

42.     On information and belief, Defendant VANGUARD CAR RENTAL USA, INC. has a place of business in Tulsa, Oklahoma. Hereinafter, defendants VANGUARD CAR RENTAL GROUP INC., VANGUARD CAR RENTAL USA INC. D/B/A ALAMO RENT A CAR D/B/A NATIONAL CAR RENTAL, and VANGUARD CAR RENTAL USA, INC. are referred to as ("VANGUARD). Hereinafter, defendants E-ADVANCE, LLC, ENTERPRISE HOLDING, INC., ENTERPRISE RENT-A-CAR CO., NATIONAL and VANGUARD are referred to as ("ENTERPRISE").

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's complaint and, therefore denies them.

### JURISDICTION AND VENUE

43.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged

herein. Further, on information and belief, Defendants have interactive websites comprising

infringing methods and apparatuses which are at least used in and/or accessible in this forum.

Further, on information and belief, Defendants are subject to the Court's general jurisdiction,

including from regularly doing or soliciting business, engaging in other persistent courses of

conduct, and/or deriving substantial revenue from goods and services provided to persons or

entities in Texas.

**ANSWER:**     Trane admits that Plaintiff purports to bring this action under the patent laws of

the United States and, therefore, that the Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

Trane admits that this Court has general personal jurisdiction over it because it has a regular

place of business within this forum where it regularly does business and engages in other

persistent courses of conduct, and Trane also derives substantial revenue from goods and

services provided to persons or entities in Texas.  While Trane admits that it has a website that

is accessible by persons located in the forum, Trane denies that its website comprises infringing

methods and apparatuses.  Trane is without sufficient information or knowledge to form a belief

as to the truth of the remaining allegations contained in paragraph 43 of Plaintiff's complaint

and, therefore denies them.


44.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

Without limitation, on information and belief, Defendants are subject to personal jurisdiction in

this district. On information and belief, the Defendants are subject to this Court's specific and

general personal jurisdiction in this district, pursuant to due process and/or the Texas Long Arm

Statute, due at least to their substantial business in this district, including related to the

infringements alleged herein. Further, on information and belief, Defendants have interactive

websites comprising infringing methods and apparatuses which are at least used in

and/or accessible in this district. Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

**ANSWER:**   Trane admits that venue that venue is proper with respect to Trane in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) and consequently need not address the specific factual allegations of paragraph 44 of Plaintiff's complaint with respect to Trane.  Trane is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 44 of Plaintiff's complaint with respect to the other defendants and, therefore denies them.

45.     Further, venue of this action is appropriate and convenient because this Court previously heard a parallel action for infringement of the same '474 patent in *Geomas (International), Ltd., et al. vs. Idearc Media Services-West, Inc., et al.,* Civil Action No. 2:06-CV-00475-CE ("the Geomas Lawsuit"). In the Geomas Lawsuit this Court considered and construed the terms and claims of the '474 patent, as set forth in the Court's Memorandum Opinion and Order issued on November 20, 2008.

**ANSWER:**   Trane admits that Magistrate Judge Chad Everingham previously considered and construed certain claim terms of United States Patent 5,930,474 (the "'474 Patent").  Trane denies the remaining allegations contained in paragraph 45 of Plaintiff's complaint.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

46.    United States Patent No. 5,930,474 (the "'474 patent"), entitled "Internet Organizer for Accessing Geographically and Topically Based Information," duly and legally issued on July 29, 1999.

**ANSWER:**    Trane admits that on its face the '474 Patent is entitled "Internet Organizer for Accessing Geographically and Topically Based Information" and that it issued on July 29, 1999. Trane denies the remaining allegations contained in paragraph 46 of Plaintiff's complaint.

47.    GEOTAG is the assignee of the '474 Patent and it has standing to bring this lawsuit for infringement of the '474 Patent.

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's complaint and, therefore, denies them.

48.    The claims of the '474 Patent cover, *inter alia,* systems and methods which comprise associating on-line information with geographic areas, such systems and methods comprising computers, an organizer, and a search engine configured to provide a geographical search area wherein at least one entry associated with a broader geographical area is dynamically replicated into at least one narrower geographical area, the search engine further configured to search topics within the selected geographical search area.

**ANSWER:**    The allegations of paragraph 48 of Plaintiff's complaint are legal in nature and require no response from Trane.  To the extent that paragraph 48 is deemed to require a response, the allegations are denied.

49.     On information and belief, all Defendants named herein have infringed the '474 patent

pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or

offering for sale in the United States systems and methods which comprise associating on-line

information with geographic areas and which are covered by one or more claims of the

'474 patent.

**ANSWER:**    Trane denies the allegations contained in paragraph 49 of Plaintiff's complaint as

they relate to Trane.  Trane is without sufficient information or knowledge to form a belief as to

the truth of the remaining allegations contained in paragraph 49 of Plaintiff's complaint and,

therefore, denies them.

50.     On information and belief, RENT-A-CENTER has infringed the '474 patent in violation

of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering

for sale in the United States systems and methods which comprise associating on-line

information with geographic areas and which are covered by one or more claims of the

'474 patent. On information and belief, such systems and methods comprise the find a store at

www.rentacenter.com.

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in paragraph 50 of Plaintiff's complaint and, therefore, denies

them.

51.     On information and belief, ALAMO has infringed the '474 patent in violation of 35

U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the

United States systems and methods which comprise associating on-line information with

geographic areas and which are covered by one or more claims of the '474 patent. On

information and belief, such systems and methods comprise reservations at www.alamo.com and/or .www.nationalcar.com.

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiff's complaint and, therefore, denies them.

52.    On information and belief, ADVANCE AUTO PARTS. has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating online information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator; store availability for pick up of parts/accessories at www.advanceautoparts.com and/or http://shop.advanceautoparts.com.

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 52 of Plaintiff's complaint and, therefore, denies them.

53.    On information and belief, APPLIED has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the where to buy and located where you need us at www.applied.com and www.americanstandard-us.com.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiff's complaint and, therefore, denies them.

54.     On information and belief, AUTONATION has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise find a dealer at www.autonation.com.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 54 of Plaintiff's complaint and, therefore, denies them.

55.     On information and belief, AUTOZONE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise my local store at www.autozone.com.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's complaint and, therefore, denies them.

56.     On information and belief, AVALON has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise locations at www.paylesscar.com.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiff's complaint and, therefore, denies them.

57.     On information and belief, AVIS BUDGET has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise reservations at www.avis.com and/or www.budget.com.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 57 of Plaintiff's complaint and, therefore, denies them.

58.     On information and belief, BRAKE CENTERS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the service center locator at www.justbreaks.com.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 58 of Plaintiff's complaint and, therefore, denies them.

59.     On information and belief, CARMAX has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the advanced search and find a store at www.carmax.com.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 59 of Plaintiff's complaint and, therefore, denies them.

60.     On information and belief, CHRISTUS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the facilities, clinics and services search at www.christushealth.com.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 60 of Plaintiff's complaint and, therefore, denies them.

61.     On information and belief, DISCOUNT TIRE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.discounttire.com.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 61 of Plaintiff's complaint and, therefore, denies them.

62.     On information and belief, DOLLAR THRIFTY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise reservations at www.dollar.com and/or www.thrifty.com.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 62 of Plaintiff's complaint and, therefore, denies them.

63.     On information and belief, ENTERPRISE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator;

store availability for pick up of parts/accessories at www.enterprise.com, www.alamo.com, and/or www.nationalcar.com.

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 63 of Plaintiff's complaint and, therefore, denies them.

64.    On information and belief, GROUP 1 has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the dealer search and interactive franchise map at www.group1auto.com.

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 64 of Plaintiff's complaint and, therefore, denies them.

65.    On information and belief, INTERSTATE BATTERY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the dealer locator at www.interstatebatteries.com.

**ANSWER:**    Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 65 of Plaintiff's complaint and, therefore, denies them.

66.     On information and belief, JUST BRAKES OF NEVADA has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the service center locator at wwww.justbreaks.com.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 66 of Plaintiff's complaint and, therefore, denies them.

67.     On information and belief, O'REILLY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise your store at www.oreillyauto.com.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 67 of Plaintiff's complaint and, therefore, denies them.

68.     On information and belief, PAYLESS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise locations at www.paylesscar.com.

**ANSWER:**   Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 68 of Plaintiff's complaint and, therefore, denies them.

69.   On information and belief, PENSKE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the truck rental and locations finder at www.penske.com and/or www.pensketruckrental.com.

**ANSWER:**   Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiff's complaint and, therefore, denies them.

70.   On information and belief, RHINO has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the locate nearest applicator at www.rhinolinings.com.

**ANSWER:**   Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 70 of Plaintiff's complaint and, therefore, denies them.

71.     On information and belief, HERTZ has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise reservations at www.hertz.com.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 71 of Plaintiff's complaint and, therefore, denies them.

72.     On information and belief, PEP BOYS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise "to see pricing and availability" at www.pepboys.com.

**ANSWER:**     Trane is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 72 of Plaintiff's complaint and, therefore, denies them.

73.     On information and belief, TRANE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the dealer locator at www.trane.com.

**ANSWER:**     Trane admits that it provides a dealer locator within its website accessible via Universal Resource Locator www.trane.com.  Trane denies the remaining allegations contained in paragraph 73 of Plaintiff's complaint.

74.     To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been willful, GEOTAG reserves the right to request such a finding at time of trial.

**ANSWER:**     The allegations of paragraph 74 of Plaintiff's complaint are legal in nature and require no response from Trane.  To the extent that paragraph 74 is deemed to require a response, the allegations are denied.

75.     As a result of Defendants' infringing conduct, Defendants have damaged GEOTAG.  Defendants are liable to GEOTAG in an amount that adequately compensates GEOTAG for their infringement, which, by law, can be no less than a reasonable royalty.

**ANSWER:**     Trane denies the allegations contained in paragraph 75 of Plaintiff's complaint as they relate to Trane.  Trane is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 75 and, therefore, denies them.

## PRAYER FOR RELIEF

Trane denies that Plaintiff is entitled to the relief prayed for as it relates to Trane.

## DEFENSES

Without altering the burdens of proof, Trane asserts the following affirmative and other defenses to Plaintiff's claims.

## FIRST DEFENSE

1.      Plaintiff has failed to state a claim upon which relief can be granted and/or fails to plead the required allegations with sufficient particularity.

## SECOND DEFENSE

2.      Trane has not infringed and is not infringing the '474 Patent, either literally or under the doctrine of equivalents, nor has Trane actively induced or contributed to any infringement of the '474 Patent.

## THIRD DEFENSE

3.      The '474 Patent is invalid because the alleged invention fails to satisfy the condition for patentability specified in 35 U.S.C. § 100 et seq., including §§ 101, 102, 103, and 112.

## FOURTH DEFENSE

4.      Plaintiff's attempted enforcement of the '474 Patent is barred, in whole or in part, by the doctrine of laches, waiver, acquiescence and/or estoppel.

## COUNTERCLAIMS

Defendants/Counterclaimants Trane U.S. Inc. and Trane, Inc. (collectively "Trane") asserts counterclaims against Plaintiff/Counterdefendant Geotag, Inc. ("Geotag") as follows:

**Nature and Basis of Action**

1.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Act, 35 U.S.C. §1 *et seq.*  Trane requests declarations that: (i) it does not infringe any valid, enforceable claim of the '474 patent; and (ii) the '474 patent is invalid.

**The Parties, Jurisdiction, and Venue**

2.      Trane U.S. Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at Piscataway, New Jersey.

3.      Trane Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at Piscataway, New Jersey.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      This Court has personal jurisdiction over Geotag pursuant to the laws of the State of Texas and the United States Constitution, including the Due Process Clause of the Fifth Amendment.  On information and belief, Geotag has had substantial contacts with the State of Texas relating to the '474 patent sufficient to confer specific jurisdiction.  Further, by filing its Complaint, Geotag has consented to the personal jurisdiction of this Court.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 1400.

**Factual Allegations**

7.      Geotag purports to be the owner by assignment of the '474 patent in its Complaint.

8.      Geotag asserts that Trane has infringed one or more claims of the '474 patent in its Complaint.

9.      Trane does not infringe and has not infringed any valid, enforceable claim of the '474 patent.

10.      Upon information and belief, all claims of the '474 patent are invalid for failure to meet the requirements of the Patent Acts, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNTERCLAIM I:
## (DECLARATION OF NONINFRINGEMENT)

11.      Trane realleges and incorporates the averments of Paragraphs 1 through 10, inclusive, of its Counterclaims as if set forth herein in full.

12.      There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 *et seq.* concerning Trane's non-infringement of the claims of the '474 patent.

13.      Trane has not infringed and does not infringe any valid, enforceable claim of the '474 patent.

14.      Trane is entitled to a judicial declaration that it has not infringed and does not infringe any valid, enforceable claim of the '474 patent.

## COUNTERCLAIM II:
## (DECLARATION OF INVALIDITY)

15.    Trane realleges and incorporates the averments of Paragraphs 1 through 14, inclusive, of its Counterclaims as if set forth herein in full.

16.    There is an actual and justiciable controversy between the parties concerning the invalidity of the '474 patent for failure to meet the requirements of the Patent Act, 35 U.S.C. §1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

17.    The '474 patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

18.    Trane is entitled to a judicial declaration and order that the '474 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, Trane U.S. Inc. and Trane, Inc., pray that the Court:

A.      Dismiss the Plaintiff's Complaint for Patent Infringement with prejudice;

B.      Declare the '474 Patent invalid and/or that Trane has not infringed the '474 Patent;

C.      Find that this case is exceptional under 35 U.S.C. § 285 and, in turn, award Trane its reasonable and necessary attorneys' fees and expenses;

D.      Award Trane its costs of Court; and

E.      Award Trane all other relief to which it is justly entitled.

## JURY DEMAND

Trane hereby demands trial by jury on all issues.


                                Respectfully submitted,

                                FINDLAY CRAFT, LLP


                                By:  _/s/ Eric H. Findlay_____
                                     Eric H. Findlay
                                     State Bar No. 00789886
                                     Findlay Craft, LLP
                                     6760 Old Jacksonville Hwy
                                     Suite 101
                                      Tyler, Texas  75703
                                     (903) 534-1100 (Office)
                                     (903) 534-1137 (Facsimile)
                                     efindlay@findlaycraft.com (Email)

                                ***Attorneys for Trane U.S. Inc. and Trane, Inc***.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Trane U.S.

Inc. And Trane, Inc.'s Answer To Plaintiff's Complaint For Patent Infringement has been served

on March 18, 2011, to all counsel of record who are deemed to have consented to electronic

service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


   /s/ Eric H. Findlay_____
Eric H. Findlay