IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 2:10-cv-573-TJW-CE |
| RENT-A-CENTER, INC. et al., § | |
| § | |
| Defendants. § | |
| § | JURY TRIAL DEMANDED |
| § | |

**CHRISTUS'S ANSWER AND COUNTERCLAIM**
**TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants CHRISTUS Health a/k/a CHRISTUS Health Non-Profit Corporation and CHRISTUS Health Foundation (collectively "CHRISTUS") respond to Plaintiff's Complaint for Patent Infringement ("Complaint") filed by Geotag, Inc. ("Geotag") as follows.

**PARTIES**

1. CHRISTUS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

2-15. These paragraphs set forth allegations related to a party other than CHRISTUS for which no response is required.

16. Admitted.

17. Admitted.

18-42. These paragraphs set forth allegations related to a party other than CHRISTUS for which no response is required.

77026850.1

Page 1

## JURISDICTION AND VENUE

43. CHRISTUS admits that this case is styled as one arising under the patent laws and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). CHRISTUS admits that it has sufficient contacts with Texas for personal jurisdiction. CHRISTUS denies all remaining allegations of this paragraph, including but not limited to all allegations concerning infringement and the unclear phrases "other persistent courses of conduct" and "substantial revenue." As this paragraph applies to parties other than CHRISTUS, no response is required.

44. CHRISTUS admits that venue is proper in this district but denies all remaining allegations of this paragraph, including but not limited to all allegations concerning infringement and the unclear phrases "substantial business," "other persistent courses of conduct," and "substantial revenue." CHRISTUS reserves its right to seek a change venue pursuant to 28 U.S.C. § 1404 for the convenience of parties and witnesses, in the interest of justice. As this paragraph applies to parties other than CHRISTUS, no response is required.

45. CHRISTUS denies that venue is appropriate or convenient because of the previous lawsuit in this district referred to as "the Geomas Lawsuit." CHRISTUS admits that the court in the Geomas Lawsuit issued a Memorandum and Order on November 20, 2008 but denies all remaining allegations of this paragraph. As this paragraph applies to parties other than CHRISTUS, no response is required.

## COUNT 1: ALLEGED INFRINGEMENT OF THE '474 PATENT

46. CHRISTUS admits that U.S. Patent No. 5,930,474 (the "'474 patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information." CHRISTUS

denies all remaining allegations of this paragraph.

47. CHRISTUS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

48. CHRISTUS does not understand what Geotag means by the contention that "the claims . . . cover, *inter alia*," certain elements listed by Geotag, and CHRISTUS therefore denies the allegations of this paragraph. Elements of a particular claim of the '474 patent are recited within the claim itself.

49. Denied with respect to CHRISTUS. As this paragraph applies to parties other than CHRISTUS, no response is required.

50-59. These paragraphs set forth allegations related to a party other than CHRISTUS for which no response is required.

60. Denied.

61-73. These paragraphs set forth allegations related to a party other than CHRISTUS for which no response is required.

74. CHRISTUS believes that no response to the conditional statement of this paragraph is required and interprets this paragraph as confirming that no willful infringement is alleged with respect to CHRISTUS. As this paragraph applies to parties other than CHRISTUS, no response is required.

75. Denied with respect to CHRISTUS. As this paragraph applies to parties other than CHRISTUS, no response is required.

**PRAYER FOR RELIEF**

CHRISTUS denies that Geotag is entitled to any judgment or relief, and denies all allegations

contained in Plaintiff's Prayer for Relief, as it concerns CHRISTUS. No response is required to the extent that the Prayer for Relief is related to a party other than CHRISTUS.

## DEMAND FOR JURY TRIAL

CHRISTUS acknowledges Geotag's demand for a jury trial.

## DEFENSES

*First Defense: Non-Infringement*

1.   CHRISTUS is not infringing and has not infringed any properly construed, valid claim of the '474 patent.

*Second Defense: Patent Invalidity*

2.   The claims of the '474 patent are invalid for failing to comply with 35 U.S.C. §§ 102, 103, and/or 112.

*Third Defense: Limitation on Damages*

3.   Geotag's claims for damages are limited pursuant to 35 U.S.C. § 286, which prohibits recovery for activities committed more than six years before the filing of the Complaint. To the extent that Geotag, its predecessors in interest, and/or one or more of its licensees have failed to properly mark or otherwise give proper notice as required by 35 U.S.C. § 287, CHRISTUS is not liable to Geotag for any alleged infringement occurring before CHRISTUS received actual notice of alleged infringement.

*Fourth Defense: Injunctive Relief*

4.   Geotag is not entitled to any injunctive relief because any injury to Geotag is not immediate or irreparable, and Geotag has an adequate remedy at law.

*Reservation of Rights*

5. CHRISTUS reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIM

CHRISTUS Health alleges as follows for its counterclaims against Counter-Defendant Geotag, Inc. ("Geotag"):

*Nature of the Action*

1. The counterclaim causes of action are for declaratory judgment of patent invalidity and patent non-infringement.

*Parties*

2. CHRISTUS Health is a Texas non-profit corporation whose principal place of business is Las Colinas Corporate Center II, 6363 N. Hwy. 161, Suite 450, Irving, TX 75038.

3. Upon information and belief, Geotag is a Delaware Corporation with an alleged place of business in Plano, Texas.

*Jurisdiction and Venue*

4. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338.

5. To the extent that this action remains in this District, venue is appropriate at least because Geotag consented to this venue by filing its claims here, in response to which these counterclaims are asserted. Venue is proper also under 28 U.S.C. §§ 1391 and 1400.

6. By virtue of the Complaint, an actual and justiciable controversy exists between Geotag and CHRISTUS Health concerning the invalidity and non-infringement of U.S. Patent No.

5,930,474 ("the '474 patent"). A judicial declaration is necessary and appropriate in order to resolve these controversies.

*First Cause of Action: Patent Invalidity*

7.     The claims of the '474 patent are invalid for failure to meet the requirements of the Patent Laws of the United States, including particularly 35 U.S.C. §§ 102, 103, and/or 112.

**CHRISTUS HEALTH'S REQUEST FOR RELIEF**

CHRISTUS Health requests a judgment that:

(a)     the '474 patent is invalid;

(b)     CHRISTUS Health has not infringed any valid claim of the '474 patent;

(c)     Geotag's Complaint be dismissed with prejudice, with Geotag taking nothing by its Complaint;

(d)     enjoins Geotag, and any other party claiming rights through or in privity with Geotag, from charging infringement of the '474 patent against CHRISTUS Health, its customers, or anyone in privity with CHRISTUS Health;

(e)     finds this case exceptional under 35 U.S.C. § 285 and awards CHRISTUS Health its reasonable attorneys' fees and costs of suit; and

(f)     awards CHRISTUS Health such other and further relief as the Court may deem just and proper.

*Jury Demand*

CHRISTUS Health requests a jury trial for all triable issues.

<u>March 21, 2011</u>                                         Respectfully submitted,

By: <u>*/s/ Mark T. Garrett*</u>
Mark T. Garrett -Lead Attorney
State Bar No. 24007225
Sarah H. Holland
State Bar No. 24055679
Fulbright & Jaworski LLP
600 Congress Avenue, Suite 2400
Austin, TX 78701
Tel: 512.474.5201
Fax: 512.536.4598
mgarrett@fulbright.com
sholland@fulbright.com

*Counsel for Defendants CHRISTUS Health a/k/a CHRISTUS Health Non-Pofit Corp. and CHRISTUS Health Foundation*

## CERTIFICATE OF SERVICE

     I certify that this document was filed electronically pursuant to Local Rule CV-5(a) on **March 21, 2011**. Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system.

                                                */s/ Mark T. Garrett*
                                                Mark T. Garrett