## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| **GEOTAG, INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:10-CV-573** |
| **RENT-A-CENTER, INC., et al.,** | |
| **Defendants.** | |

### DEFENDANT THE HERTZ CORPORATION'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant The Hertz Corporation ("Hertz") files this Answer and Counterclaims to Plaintiff GeoTag, Inc.'s ("GeoTag") Complaint for Patent Infringement (Dkt. No. 1) ("Complaint") as follows:

### PARTIES

1.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.      Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, on that basis, denies all such allegations.

5.      Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, on that basis, denies all such allegations.

6.      Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, on that basis, denies all such allegations.

7.      Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, on that basis, denies all such allegations.

8.      Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9.      Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10.      Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, on that basis, denies all such allegations.

16.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and, on that basis, denies all such allegations.

17.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, on that basis, denies all such allegations.

18.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, on that basis, denies all such allegations.

19.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and, on that basis, denies all such allegations.

20.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and, on that basis, denies all such allegations.

21.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and, on that basis, denies all such allegations.

22.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and, on that basis, denies all such allegations.

23.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and, on that basis, denies all such allegations.

24.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and, on that basis, denies all such allegations.

25.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and, on that basis, denies all such allegations.

26.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and, on that basis, denies all such allegations.

27.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and, on that basis, denies all such allegations.

28.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and, on that basis, denies all such allegations.

29.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and, on that basis, denies all such allegations.

30.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and, on that basis, denies all such allegations.

31.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and, on that basis, denies all such allegations.

32.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and, on that basis, denies all such allegations.

33.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and, on that basis, denies all such allegations.

34.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint and, on that basis, denies all such allegations.

35.     Hertz admits that it has a place of business in Park Ridge, New Jersey.

36.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint and, on that basis, denies all such allegations.

37.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint and, on that basis, denies all such allegations.

38.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint and, on that basis, denies all such allegations.

39.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint and, on that basis, denies all such allegations.

40.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint and, on that basis, denies all such allegations.

41.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint and, on that basis, denies all such allegations.

42.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint and, on that basis, denies all such allegations.

## JURISDICTION AND VENUE

43.     To the extent that the allegations in paragraph 43 of the Complaint are directed against Hertz, Hertz admits that the Complaint alleges an action for patent infringement pursuant to Title 35 of the United States Code.  Hertz further admits that this Court has subject matter jurisdiction over this action.  Hertz does not contest personal jurisdiction over Hertz by this Court and further admits that Hertz has conducted businesses within this Judicial District and/or the state of Texas.  Hertz denies that it has committed any acts of infringement in this Judicial District and further denies that its websites comprise "infringing methods and apparatuses." Hertz is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43 (including those alleged as to any other party) and, on that basis, denies all such allegations.

44.     To the extent that the allegations in paragraph 44 of the Complaint are directed against Hertz, Hertz denies that venue is convenient in this Judicial District as to Hertz but does not contest venue over Hertz in this Judicial District.  Hertz does not contest personal jurisdiction

over Hertz by this Court and further admits that Hertz has conducted businesses within this Judicial District and/or the state of Texas.  Hertz denies that it has committed any acts of infringement in this Judicial District and further denies that its websites comprise "infringing methods and apparatuses."  Hertz is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 (including those alleged as to any other party) and, on that basis, denies all such allegations.

45.     To the extent that the allegations in paragraph 45 of the Complaint are directed against Hertz, Hertz denies that venue is convenient in this Judicial District as to Hertz but does not contest venue over Hertz in this Judicial District.  Hertz is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 (including those alleged as to any other party) and, on that basis, denies all such allegations.

## COUNT I

## [ALLEGED] INFRINGEMENT OF U.S. PATENT 5,930,474

46.     Hertz admits that U.S. Patent No. 5,930,474 ("the '474 Patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information" and on its face indicates that it issued on July 29, 1999.  Hertz denies that the '474 Patent was duly and legally issued.

47.     Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint and, on that basis, denies all such allegations.

48.     Because the claims of the '474 Patent have not yet been construed in this case, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint and, on that basis, denies all such allegations.

49.     To the extent that the allegations in paragraph 49 of the Complaint are directed against Hertz, Hertz denies the allegations of paragraph 49 of the Complaint.  Hertz has not and does not currently infringe any valid claim of the '474 Patent.  Hertz is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 (including those alleged as to any other party) and, on that basis, denies all such allegations.

50.     Paragraph 50 of the Complaint does not require a response by Hertz.  To the extent that paragraph 50 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint and, on that basis, denies all such allegations.

51.     Paragraph 51 of the Complaint does not require a response by Hertz.  To the extent that paragraph 51 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint and, on that basis, denies all such allegations.

52.     Paragraph 52 of the Complaint does not require a response by Hertz.  To the extent that paragraph 52 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint and, on that basis, denies all such allegations.

53.     Paragraph 53 of the Complaint does not require a response by Hertz.  To the extent that paragraph 53 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint and, on that basis, denies all such allegations.

54.     Paragraph 54 of the Complaint does not require a response by Hertz.  To the extent that paragraph 54 is deemed to require a response, Hertz is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint and, on that basis, denies all such allegations.

55.      Paragraph 55 of the Complaint does not require a response by Hertz.   To the extent that paragraph 55 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint and, on that basis, denies all such allegations.

56.      Paragraph 56 of the Complaint does not require a response by Hertz.   To the extent that paragraph 56 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint and, on that basis, denies all such allegations.

57.      Paragraph 57 of the Complaint does not require a response by Hertz.   To the extent that paragraph 57 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint and, on that basis, denies all such allegations.

58.      Paragraph 58 of the Complaint does not require a response by Hertz.   To the extent that paragraph 58 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint and, on that basis, denies all such allegations.

59.      Paragraph 59 of the Complaint does not require a response by Hertz.   To the extent that paragraph 59 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint and, on that basis, denies all such allegations.

60.     Paragraph 60 of the Complaint does not require a response by Hertz.   To the extent that paragraph 60 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint and, on that basis, denies all such allegations.

61.     Paragraph 61 of the Complaint does not require a response by Hertz.   To the extent that paragraph 61 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint and, on that basis, denies all such allegations.

62.     Paragraph 62 of the Complaint does not require a response by Hertz.   To the extent that paragraph 62 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint and, on that basis, denies all such allegations.

63.     Paragraph 63 of the Complaint does not require a response by Hertz.   To the extent that paragraph 63 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint and, on that basis, denies all such allegations.

64.     Paragraph 64 of the Complaint does not require a response by Hertz.   To the extent that paragraph 64 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint and, on that basis, denies all such allegations.

65.     Paragraph 65 of the Complaint does not require a response by Hertz.   To the extent that paragraph 65 is deemed to require a response, Hertz is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint and, on that basis, denies all such allegations.

66.     Paragraph 66 of the Complaint does not require a response by Hertz.   To the extent that paragraph 66 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint and, on that basis, denies all such allegations.

67.     Paragraph 67 of the Complaint does not require a response by Hertz.   To the extent that paragraph 67 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint and, on that basis, denies all such allegations.

68.     Paragraph 68 of the Complaint does not require a response by Hertz.   To the extent that paragraph 68 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint and, on that basis, denies all such allegations.

69.     Paragraph 69 of the Complaint does not require a response by Hertz.   To the extent that paragraph 69 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint and, on that basis, denies all such allegations.

70.     Paragraph 70 of the Complaint does not require a response by Hertz.   To the extent that paragraph 70 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint and, on that basis, denies all such allegations.

71.     Hertz denies the allegations of paragraph 71 of the Complaint.

72.      Paragraph 72 of the Complaint does not require a response by Hertz.   To the extent that paragraph 72 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Complaint and, on that basis, denies all such allegations.

73.      Paragraph 73 of the Complaint does not require a response by Hertz.   To the extent that paragraph 73 is deemed to require a response, Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Complaint and, on that basis, denies all such allegations.

74.      Paragraph 74 of the Complaint fails to state a claim for willful infringement on which relief may be granted.   To the extent that paragraph 74 is deemed to require a response and to the extent that the allegations in paragraph 74 of the Complaint are directed against Hertz, Hertz denies the allegations of paragraph 74 of the Complaint.   Hertz is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74 (including those alleged as to any other party) and, on that basis, denies all such allegations.

75.      To the extent that the allegations in paragraph 75 of the Complaint are directed against Hertz, Hertz denies the allegations of paragraph 75 of the Complaint.   Hertz is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 75 (including those alleged as to any other party) and, on that basis, denies all such allegations

## PRAYER FOR [ALLEGED] RELIEF

76.      Hertz denies that Plaintiff is entitled to any relief from Hertz and denies all of the allegations directed towards Hertz contained in paragraphs "1." through "6." of Plaintiff's Prayer for Relief.   To the extent that the allegations in paragraphs "1." through "6." of Plaintiff's Prayer

for Relief are directed against defendants other than Hertz, Hertz is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies all such allegations.

## DEMAND FOR JURY TRIAL

77.     Hertz admits that the Complaint sets forth a request for trial by jury.

78.     To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Hertz denies them.

## AFFIRMATIVE DEFENSES

Hertz's Affirmative Defenses are listed below.  Hertz reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

1.     Hertz does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '474 Patent.

## SECOND DEFENSE

2.     Each asserted claim of the '474 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE

3.     Plaintiff's claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

**FOURTH DEFENSE**

4.      To the extent that Plaintiff and alleged predecessors in interest to the '474 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Hertz's actions allegedly infringed the '474 Patent, Hertz is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '474 Patent.

**FIFTH DEFENSE**

5.      To the extent that Plaintiff asserts that Hertz indirectly infringes, either by contributory infringement or inducement of infringement, Hertz is not liable to Plaintiff for the acts alleged to have been performed before Hertz knew that its actions would cause indirect infringement.

**SIXTH DEFENSE**

6.      Plaintiff's attempted enforcement of the '474 Patent against Hertz is barred by laches and estoppel.

**SEVENTH DEFENSE**

7.      The claims of the '474 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Hertz.

**EIGHTH DEFENSE**

8.      The Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

## PARTIES

1.    Counterclaim Plaintiff The Hertz Corporation ("Hertz") is a Delaware corporation, with its principal place of business in Park Ridge, New Jersey.

2.    On information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant GeoTag, Inc. is a Delaware Corporation, with its principal place of business located in Plano, Texas.

## JURISDICTION

3.    This counterclaim arises under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq,. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4.    Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400. Venue is further proper in the Marshall Division.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

5.    Based on Plaintiff's filing of this action and Hertz's First Defense, an actual controversy has arisen and now exists between the parties as to whether Hertz infringes the '474 Patent.

6.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., Hertz requests a declaration by the Court that it does not infringe any claim of the '474 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

7.     Based on Plaintiff's filing of this action and Hertz's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '474 Patent.

8.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and 35 U.S.C. § 100 *et seq.*, Hertz requests a declaration by the Court that the claims of the '474 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Hertz asks this Court to enter judgment in Hertz's favor and against Plaintiff GeoTag by granting the following relief:

   a) a declaration that the asserted claims of the '474 Patent are invalid;

   b) a declaration that Hertz does not infringe, under any theory, any valid claim of the '474 Patent that may be enforceable;

   c) a declaration that GeoTag take nothing by its Complaint;

   d) judgment against GeoTag and in favor of Hertz;

   e) dismissal of the Complaint with prejudice;

   f) an award to Hertz of its costs and attorneys' fees incurred in this action; and

   g) further relief as the Court may deem just and proper.

## JURY DEMAND

Hertz hereby demands trial by jury on all issues.

Dated: March 28, 2011                    Respectfully submitted,

                                         **FISH & RICHARDSON P.C.**

                                         */s/ Neil J. McNabnay*
                                         Neil J. McNabnay
                                         Texas Bar No. 24002583
                                         mcnabnay@fr.com
                                         Michael A. Bittner
                                         Texas Bar No. 24064905
                                         bittner@fr.com
                                         1717 Main Street, Suite 5000
                                         Dallas, TX 75201
                                         (214) 747-5070 (Telephone)
                                         (214) 747-2091 (Telecopy)

                                         **ATTORNEYS FOR DEFENDANT
                                         THE HERTZ CORPORATION**


                        <u>**CERTIFICATE OF SERVICE**</u>

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 28, 2011, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


                                         */s/ Neil J. McNabnay*
                                         Neil J. McNabnay