UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>RENT-A-CENTER, INC., *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 2:10-cv-00573-TJW<br><br>Judge T. John Ward<br><br>JURY TRIAL DEMANDED |

## ANSWER AND COUNTERCLAIM OF DEFENDANTS
## ENTERPRISE HOLDINGS, INC., AND VANGUARD CAR RENTAL USA, LLC

Defendants Enterprise Holdings, Inc. and Vanguard Car Rental USA, LLC (collectively, "Enterprise") hereby respond to the Complaint filed by GeoTag, Inc. ("GeoTag" or "Plaintiff").

### ANSWER

Enterprise answers the numbered paragraphs of the Complaint as follows.

### PARTIES

1.    Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

2.    Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3.    Enterprise denies the allegations in Paragraph 3. The named Defendant in Paragraph 3, Alamo Rent A Car, LLC, does not exist. It was dissolved as part of a bankruptcy in 2003.

4. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies them.

5. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies them.

6. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies them.

7. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies them.

8. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them.

9. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies them.

10. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

12. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

13. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

14. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

15. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

17. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies them.

18. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies them.

19. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

22. Enterprise denies the allegations in Paragraph 22. The named Defendant in Paragraph 22, Enterprise Holding, Inc., does not exist. The correct entity is Enterprise Holdings, Inc., a Missouri corporation, with its principal place of business in Missouri.

23. Enterprise denies the allegations in Paragraph 23. Enterprise Holdings, Inc. is the successor of Enterprise Rent-A-Car Company.

24. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies them.

27. Enterprise denies the allegations in Paragraph 27. The named Defendant in Paragraph 27, National Car Rental System, Inc., does not exist. It was dissolved as part of a bankruptcy in 2003.

28. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies them.

29. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies them.

30. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies them.

31. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them.

34. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies them.

35. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies them.

36. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies them.

37. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies them.

38. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies them.

39. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

40. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies them.

41. Enterprise denies the allegations in Paragraph 41. Vanguard Car Rental Group, Inc., does not exist. Vanguard Car Rental USA, LLC is a Delaware limited liability company, with its principal place of business in Missouri. It is the successor to Vanguard Car Rental USA, Inc.

42. Enterprise denies the allegations in Paragraph 42, except admits that Vanguard Car Rental USA, LLC is the successor to Vanguard Car Rental USA, Inc.

## JURISDICTION AND VENUE

43. Enterprise admits that this Complaint purports to be an action arising under the patent laws of the United States, Title 35 of the United States Code, and that this Court has subject matter jurisdiction over such matters pursuant to 28 U.S.C. §§ 1331 and 1338(a). Enterprise, however, denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim thereunder. Enterprise Holdings, Inc. and Vanguard Car Rental USA, LLC deny that there is personal jurisdiction over them and deny that they are doing or soliciting business in Texas. Enterprise further denies that it has interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in

this forum and which allegedly infringe the patent-in-suit. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and therefore denies them.

44. As to Enterprise, Enterprise admits that based on the allegations, venue may lie in this judicial district. Enterprise Holdings, Inc. and Vanguard Car Rental USA, LLC deny that there is personal jurisdiction over them and deny that they are doing or soliciting business in Texas. Enterprise denies that it has committed acts of patent infringement in this district or any other judicial district and which allegedly infringe the patent-in-suit. Enterprise further denies that it has interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore denies them.

45. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies them.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

46. Enterprise admits that U.S. Patent No. 5,930,474 (the "'474 Patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information," and further admits that the '474 Patent lists on its face an issue date of July 29, 1999. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and therefore denies them.

47. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies them.

48. Enterprise denies the allegations in Paragraph 48.

49. As to Enterprise, Enterprise denies the allegations in Paragraph 49 of the Complaint. As to the other Defendants, Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies them.

50. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies them.

51. Enterprise denies the allegations in Paragraph 51.

52. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies them.

53. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore denies them.

54. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies them.

55. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore denies them.

56. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies them.

57. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and therefore denies them.

58. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies them.

59. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies them.

60. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and therefore denies them.

61. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies them.

62. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and therefore denies them.

63. Enterprise denies the allegations in Paragraph 63.

64. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and therefore denies them.

65. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and therefore denies them.

66. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and therefore denies them.

67. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and therefore denies them.

68. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies them.

69. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore denies them.

70. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore denies them.

71. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and therefore denies them.

72. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and therefore denies them.

73. Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore denies them.

74. As to Enterprise, Paragraph 74 does not set forth any allegation for which a response is deemed to be required, but to the extent a response is deemed to be required, Enterprise denies the allegations. As to the other Defendants, Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore denies them.

75. As to Enterprise, Enterprise denies the allegations set forth in Paragraph 75. As to the other Defendants, Enterprise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and therefore denies them.

## PRAYER FOR RELIEF

Enterprise denies that Plaintiff is entitled to the relief requested.

## JURY DEMAND

Enterprise admits that Plaintiff demands a trial by jury on all issues so triable in this action. Enterprise demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Failure to State a Claim

GeoTag has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense – Noninfringement

Enterprise has not infringed and is not infringing the '474 Patent under any provision of 35 U.S.C. § 271. More particularly, Enterprise has not directly infringed, contributed to the

infringement of, or induced others to infringe, any allegedly valid and enforceable claim of the '474 Patent, either literally or under the doctrine of equivalents.

### Third Affirmative Defense – Invalidity

The '474 Patent is invalid for failure to satisfy one or more requirements under the patent laws of the United States, as set forth in Title 35 of the United States Code, including but not necessarily limited to the requirements set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Fourth Affirmative Defense – Laches, Waiver, Estoppel, Unclean Hands

GeoTag's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or other equitable doctrines.

### Fifth Affirmative Defense – No Willfulness

The Complaint fails to state a claim for willful infringement of the '474 Patent.

### Sixth Affirmative Defense – No Injunction

GeoTag is not entitled to any injunctive relief, has not and will not suffer irreparable harm, and has an adequate remedy at law for any alleged damages.

### Seventh Affirmative Defense – Prosecution History Estoppel

Upon information and belief, based on statements made to the U.S. Patent and Trademark Office during the prosecution of the '474 Patent, GeoTag is estopped from claiming infringement by Enterprise of one or more claims of the '474 Patent based on prosecution history estoppel and/or prosecution history disclaimer.

### Eighth Affirmative Defense – Limitation on Damages

Upon information and belief, GeoTag is barred from seeking recovery of any damages, in whole or in part, under 35 U.S.C. §§ 286 and 287.

<u>Ninth Affirmative Defense – Lack of Standing</u>

Upon information and belief, GeoTag lacks standing or capacity to sue concerning the claims advanced.

<u>Tenth Affirmative Defense – Lack of Notice</u>

To the extent that GeoTag and its alleged predecessors in interest to the '474 Patent failed to mark properly any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Enterprise's actions allegedly infringed the '474 Patent, Enterprise is not liable to GeoTag for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '474 Patent.

<u>Eleventh Affirmative Defense – Additional Defenses</u>

Enterprise expressly reserves the right to assert any other legal or equitable defenses as they become known through further investigation and/or discovery.

## COUNTERCLAIM

Counterclaim-Plaintiffs Enterprise Holdings, Inc. and Vanguard Car Rental USA, LLC (collectively, "Enterprise") by and through its attorneys, asserts the following counterclaim against Counterclaim-Defendant GeoTag, Inc. ("GeoTag").

## PARTIES

1.  Enterprise Holdings, Inc. is a Missouri corporation with a principal place of business at 600 Corporate Park, St. Louis, Missouri 63105.

2.  Vanguard Car Rental USA, LLC is a Delaware corporation with a principal place of business at 600 Corporate Park, St. Louis, Missouri 63105.

3. According to GeoTag's Complaint, GeoTag is a corporation organized and existing under the laws of Delaware with a place of business in Plano, Texas.

4. GeoTag claims to be the owner of U.S. Patent No. 5,930,474 (the "'474 Patent").

## JURISDICTION AND VENUE

5. These counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. GeoTag has charged Enterprise with infringement of the '474 Patent. Enterprise has denied the charges of infringement, and has alleged that the '474 Patent is invalid. Accordingly, there is an actual and justiciable controversy between Enterprise and GeoTag with respect to infringement and validity of the '474 Patent.

7. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367(a), 2201 and 2202.

8. This Court has personal jurisdiction over GeoTag because it is resident in this judicial district.

9. Venue may lie in this judicial district pursuant to 28 U.S.C. § 1391(b) and 1400(b).

## COUNT I
### Declaratory Judgment of Noninfringement of the '474 Patent

10. Enterprise has not infringed the '474 Patent under any provision of 35 U.S.C. § 271. More particularly, Enterprise has not directly infringed, contributed to the infringement of, or induced others to infringe any valid and enforceable claim of the '474 Patent.

## COUNT II
### Declaratory Judgment of Invalidity of the '474 Patent

11. The '474 Patent is invalid for failure to satisfy one or more requirements under the patent laws of the United States, as set forth in Title 35 of the United States Code, including but not necessarily limited to the requirements set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or for obviousness-type double patenting.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Enterprise hereby demands a jury trial of all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Enterprise respectfully requests that the Court enter judgment in its favor granting the following relief:

(a) Dismissing GeoTag's Complaint against Enterprise in its entirety, with prejudice;

(b) Denying any and all relief requested by GeoTag;

(c) Entering judgment in favor of Enterprise and against GeoTag on all counts in GeoTag's Complaint;

(d) Entering judgment in favor of Enterprise and against GeoTag on all counts in Enterprise's counterclaim;

(e) Declaring that Enterprise does not and has not infringed, directly or indirectly, any claim of the '474 Patent;

(f) Declaring that each and every claim of the '474 Patent is invalid;

(g) Declaring that this is an exceptional case under 35 U.S.C. § 285;

(h) Awarding Enterprise the costs of this action and its reasonable attorneys' fees to the fullest extent permitted by law; and

(i) Granting Enterprise such other and further relief as this Court deems just and proper.

DATED: April 6, 2011                 Respectfully submitted,

                                        */s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone:     (903) 509-5000
Facsimile:     (903) 509-5092

Terence P. Ross (*pro hac vice*)
tross@crowell.com
Jeffrey D. Ahdoot (*pro hac vice*)
jahdoot@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
Telephone:     (202) 624-2500
Facsimile:     (202) 628-5116

*Attorneys for Defendants Enterprise Holdings, Inc. and Vanguard Car Rental USA, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this the 6th day of April, 2011.

                                          */s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth