UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| PLAINTIFF | § | |
| VS. | § | CIVIL ACTION NO. 2:10-CV-573-TJW-CE |
| | § | |
| RENT-A-CENTER, INC., ET AL., | § | JURY TRIAL DEMANDED |
| | § | |
| DEFENDANTS. | § | |

**DEFENDANT RENT-A-CENTER, INC.'S ANSWER TO THE ORIGINAL COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Rent-A-Center, Inc. ("RAC") responds to Plaintiff Geotag, Inc.'s ("Plaintiff") Original Complaint for Patent Infringement ("Complaint") and states:

**I.    ANSWER**

1.     RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 1 of the Complaint, and, on that basis, denies those allegations.

2.     RAC admits that it has a place of business in Plano, Texas.

3.     RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 3 of the Complaint, and, on that basis, denies those allegations.

4.     RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 4 of the Complaint, and, on that basis, denies those allegations.

5. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 5 of the Complaint, and, on that basis, denies those allegations.

6. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 6 of the Complaint, and, on that basis, denies those allegations.

7. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 7 of the Complaint, and, on that basis, denies those allegations.

8. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 8 of the Complaint, and, on that basis, denies those allegations.

9. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 9 of the Complaint, and, on that basis, denies those allegations.

10. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 10 of the Complaint, and, on that basis, denies those allegations.

11. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 11 of the Complaint, and, on that basis, denies those allegations.

12. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 12 of the Complaint, and, on that basis, denies those allegations.

13. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 13 of the Complaint, and, on that basis, denies those allegations.

14. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 14 of the Complaint, and, on that basis, denies those allegations.

15. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 15 of the Complaint, and, on that basis, denies those allegations.

16. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 16 of the Complaint, and, on that basis, denies those allegations.

17. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 17 of the Complaint, and, on that basis, denies those allegations.

18. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 18 of the Complaint, and, on that basis, denies those allegations.

19. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 19 of the Complaint, and, on that basis, denies those allegations.

20. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 20 of the Complaint, and, on that basis, denies those allegations.

21. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 21 of the Complaint, and, on that basis, denies those allegations.

22. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 22 of the Complaint, and, on that basis, denies those allegations.

23. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 23 of the Complaint, and, on that basis, denies those allegations.

24. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 24 of the Complaint, and, on that basis, denies those allegations.

25. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 25 of the Complaint, and, on that basis, denies those allegations.

26. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 26 of the Complaint, and, on that basis, denies those allegations.

27. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 27 of the Complaint, and, on that basis, denies those allegations.

28. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 28 of the Complaint, and, on that basis, denies those allegations.

29. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 29 of the Complaint, and, on that basis, denies those allegations.

30. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 30 of the Complaint, and, on that basis, denies those allegations.

31. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 31 of the Complaint, and, on that basis, denies those allegations.

32. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 32 of the Complaint, and, on that basis, denies those allegations.

33. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 33 of the Complaint, and, on that basis, denies those allegations.

34. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 34 of the Complaint, and, on that basis, denies those allegations.

35. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 35 of the Complaint, and, on that basis, denies those allegations.

36. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 36 of the Complaint, and, on that basis, denies those allegations.

37. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 37 of the Complaint, and, on that basis, denies those allegations.

38. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 38 of the Complaint, and, on that basis, denies those allegations.

39. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 39 of the Complaint, and, on that basis, denies those allegations.

40. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 40 of the Complaint, and, on that basis, denies those allegations.

41. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 41 of the Complaint, and, on that basis, denies those allegations.

42. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 42 of the Complaint, and, on that basis, denies those allegations.

43. RAC admits that this action purports to arise under the patent laws of the United States, Title 35 of the United State Code. RAC admits that this Court has subject matter jurisdiction over this action as pled pursuant to 28 U.S.C. § 1331 and 1338(a). RAC denies that it has committed and/or induced acts of patent infringement in this district. Except as so expressly admitted or denied, RAC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies those allegations.

44. RAC admits that venue is proper at least with respect to RAC in this Court under 28 U.S.C. §§ 1391(b) and/or 1400(b). RAC denies that it has committed and/or induced acts of patent infringement in this district. Except as so expressly admitted or denied, RAC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies those allegations.

45. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 45 of the Complaint, and, on that basis, denies those allegations.

46. RAC admits that U.S. Patent No. 5,930,474 ("the '474 patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information" and that it lists on its cover an issuance date of July 29, 1999. RAC denies that the '474 patent was duly and legally issued.

47. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 47 of the Complaint, and, on that basis, denies those allegations.

48. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 48 of the Complaint, and, on that basis, denies those allegations.

49. To the extent the allegations in Paragraph 49 are directed to RAC, RAC denies all of the allegations in Paragraph 49. Specifically, RAC denies that it has directly committed and/or induced and/or contributed to acts of patent infringement of one or more of the claims of the '474 patent. Except as so expressly denied, RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 49 of the Complaint, and, on that basis, denies those allegations.

50. RAC denies all of the allegations in Paragraph 50. Specifically, RAC denies that it has directly committed and/or induced and/or contributed to acts of patent infringement of one or more of the claims of the '474 patent.

51. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 51 of the Complaint, and, on that basis, denies those allegations.

52. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 52 of the Complaint, and, on that basis, denies those allegations.

53. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 53 of the Complaint, and, on that basis, denies those allegations.

54. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 54 of the Complaint, and, on that basis, denies those allegations.

55. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 55 of the Complaint, and, on that basis, denies those allegations.

56. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 56 of the Complaint, and, on that basis, denies those allegations.

57. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 57 of the Complaint, and, on that basis, denies those allegations.

58.   RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 58 of the Complaint, and, on that basis, denies those allegations.

59.   RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 59 of the Complaint, and, on that basis, denies those allegations.

60.   RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 60 of the Complaint, and, on that basis, denies those allegations.

61.   RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 61 of the Complaint, and, on that basis, denies those allegations.

62.   RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 62 of the Complaint, and, on that basis, denies those allegations.

63.   RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 63 of the Complaint, and, on that basis, denies those allegations.

64.   RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 64 of the Complaint, and, on that basis, denies those allegations.

65. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 65 of the Complaint, and, on that basis, denies those allegations.

66. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 66 of the Complaint, and, on that basis, denies those allegations.

67. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 67 of the Complaint, and, on that basis, denies those allegations.

68. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 68 of the Complaint, and, on that basis, denies those allegations.

69. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 69 of the Complaint, and, on that basis, denies those allegations.

70. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 70 of the Complaint, and, on that basis, denies those allegations.

71. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 71 of the Complaint, and, on that basis, denies those allegations.

72. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 72 of the Complaint, and, on that basis, denies those allegations.

73. RAC is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 73 of the Complaint, and, on that basis, denies those allegations.

74. RAC denies the allegations in Paragraph 74 of the Complaint as they may relate to RAC. Except as so expressly denied, RAC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and therefore denies those allegations.

75. RAC denies the allegations in Paragraph 75 of the Complaint as they may relate to RAC. RAC denies that Plaintiff is entitled to any relief. Except as so expressly denied, RAC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and therefore denies those allegations.

76. RAC denies that Plaintiff is entitled to any of the relief sought in its prayer for relief.

77. RAC does not object to a trial by jury on all issues so triable.

78. RAC denies each and every allegation in the complaint which is not specifically admitted herein.

## II.     AFFIRMATIVE DEFENSES

79. In addition to the defenses described below, RAC expressly reserves the right to allege additional defenses as they become known through the course of discovery. RAC also expressly reserves all defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent

laws of the United States, and any other defenses at law or in equity that may exist now or may be available in the future. RAC, as further and separate defenses to the Complaint and without assuming any burden it would not otherwise have, alleges, upon information and belief the following defenses:

### FIRST DEFENSE – FAILURE TO STATE A CLAIM FOR RELIEF

80. Each and every one of Plaintiff's claims for relief and each and every one of its allegations fail to state a claim upon which any relief may be granted against RAC.

### SECOND DEFENSE – NONINFRINGEMENT

81. RAC has not willfully or otherwise infringed, contributed to the infringement of, or induced others to infringe any valid and enforceable claim of the '474 patent, either directly or indirectly, either literally, under the doctrine of equivalents, or otherwise. RAC also does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe any valid and enforceable claim of the '474 patent, either directly or indirectly, either literally, under the doctrine of equivalents or otherwise. RAC is not liable for infringement of the '474 patent.

### THIRD DEFENSE – INVALIDITY

82. The '474 patent and all of the claims in the '474 patent are invalid for failure to meet the conditions for patentability of 35 U.S.C. § 101 *et seq.*, including, without limitation §§ 101, 102, 103 and 112 and the rules, regulations and laws pertaining thereto.

### FOURTH DEFENSE – STATUTE OF LIMITATIONS

83. To the extent Plaintiff seeks damages for alleged infringement more than six years prior to filing of this action, the relief sought by Plaintiff is barred by 35 U.S.C. § 286.

### FIFTH DEFENSE – NOTICE

84. To the extent Plaintiff seeks damages for alleged infringement prior to its giving actual or constructive notice of the '474 patent to RAC, the relief sought by Plaintiff is barred by 35 U.S.C. § 287.

### SIXTH DEFENSE – INVALID CLAIMS

85. Plaintiff is barred from recovering costs associated with its action by 35 U.S.C. § 288.

### SEVENTH DEFENSE – EQUITABLE DEFENSES

86. On information and belief, the relief sought by Plaintiff as to the '474 patent is barred, in whole or in part, under principles of equity including, but not limited to, laches, prosecution laches, waiver, estoppel and unclean hands.

### EIGHTH DEFENSE – NO INJUNCTIVE RELIEF

87. The Plaintiff is not entitled to any injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law.

### NINTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

88. By reasons of proceedings in the United States Patent and Trademark Office ("PTO"), and by reasons of amendments, statements, admissions, omissions and/or representations made by the applicant or on his behalf, Plaintiff is estopped from asserting infringement of the '474 patent against RAC.

### TENTH DEFENSE – LACK OF STANDING

89. Plaintiff lacks standing necessary to assert the claims of the '474 patent.

### ELEVENTH DEFENSE – NO EXCEPTIONAL CASE

90. Plaintiff cannot prove this is an exceptional case justifying an award of attorneys

fees against RAC pursuant to 35 U.S.C. §285 because RAC has not engaged in any conduct that entitles Plaintiff to attorneys' fees.

### III.   COUNTERCLAIMS

Counter-Plaintiff RAC claims against Counter-Defendant Geotag, Inc. ("Counter-Defendant") as follows:

### PARTIES

1. RAC is a corporation organized under the laws of the State of Delaware, having a principal place of business at 5501 Headquarters Drive, Plano, Texas 75024.

2. On information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counter-Defendant is a corporation organized under the laws of the State of Delaware, having its principal place of business in Plano, Texas.

### JURISDICTION AND VENUE

3. These counterclaims arise under Title 35 of the United States Code. The Court has subject matter jurisdiction over these counterclaims pursuant to 35 U.S.C. §271 *et seq.*, and 28 U.S.C. §§ 1331, 1338(a), 1367, 2201- 2202.

4. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

### FIRST COUNTERCLAIM – DECLARATION REGARDING NON-INFRINGEMENT

5. RAC incorporates herein by reference the allegations of paragraphs 1 - 90 of this Answer, Affirmative Defenses and Counterclaims.

6. RAC counterclaims against Counter-Defendant pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

7. In its Complaint against RAC filed December 17, 2010, Counter-Defendant

alleges that RAC has infringed and is currently infringing the '474 patent by actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.

8. An actual controversy has arisen and now exists between Counter-Defendant and RAC by virtue of the allegations of Counter-Defendant's Complaint in this action and RAC's Answer as to the validity and infringement of the '474 patent.

9. The '474 patent is not infringed, as set forth in paragraphs 1 through 90 above.

10. Pursuant to the Federal Declatory Judgment Act, 28 U.S.C. §2201 *et. seq.*, RAC requests a declaration by the Court that it does not infringe any claim of the '474 patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

**SECOND COUNTERCLAIM – DECLARATION REGARDING INVALIDITY**

11. RAC incorporates herein by reference the allegations of paragraphs 1 - 90 of this Answer, Affirmative Defenses and Counterclaims.

12. Based on Plaintiff's filing of this action and RAC's Third Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '474 patent.

13. The '474 patent is invalid under the provisions of 35 U.S.C. §101, *et. seq.*, including, without limitation, §102, 103, and 112.

14. Pursuant to the Federal Declatory Judgment Act, 28 U.S.C. §2201 *et. seq.*, and 35 U.S.C. §100 *et. seq.*, RAC requests a declaration by the Court that the claims of the '474 patent are invalid.

**DEMAND FOR JURY TRIAL**

15. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, RAC hereby demands a trial by jury on all issues so triable.

**RELIEF REQUESTED**

RAC respectfully requests that the Court:

    A. dismiss Plaintiff's Complaint with prejudice and that Plaintiff takes nothing;

    B. enter judgment in favor of RAC against Plaintiff on Plaintiff's Complaint;

    C. enter an Order declaring that RAC does not infringe, under any theory, any valid claim of the '474 patent that may be enforceable;

    D. enter of an Order declaring the asserted claims of the '474 patent are invalid and unenforceable;

    E. require Plaintiff to pay RAC's costs of suit;

    F. require Plaintiff to pay RAC's attorneys' fees pursuant to 35 U.S.C. § 285;

    G. declare this an exceptional case; and

    H. award RAC such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Jennifer H. Doan
Jennifer Haltom Doan
Texas Bar No. 08809050
Morgan D. Vaughan
Texas Bar No. 24060769
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
jdoan@haltomdoan.com
mvaughan@haltomdoan.com

**ATTORNEYS FOR
RENT-A-CENTER, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 7th day of April, 2011.

/s/ Jennifer H. Doan
Jennifer H. Doan