UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:10-CV-00573–MHS |
| | ) | |
| | ) | **ORAL HEARING REQUESTED** |
| RENT-A-CENTER, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**REINALT-THOMAS'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR MISJOINDER OR IN THE ALTERNATIVE TO SEVER AND TRANSFER**

I.  **INTRODUCTION**

GeoTag, Inc.'s ("GeoTag") untimely[1] response brief argues against severance by mischaracterizing the threadbare "overlapping facts" existing between The Reinalt-Thomas Corporation ("Reinalt-Thomas") and the other defendants in the 2:10-cv-573 action (the "573 Action"). Out of the nearly forty other 573 Action defendants, GeoTag points to only three as being customers of Know-Where Systems, Inc. ("Know-Where") like Reinalt-Thomas. But GeoTag even gets this wrong by pointing to two related entities that actually are Google Maps customers, and by failing to specify what if any allegedly infringing features from the single other Know-Where customer's store locator website overlap with those of Reinalt-Thomas.

GeoTag's arguments for consolidation and against transfer likewise fail. GeoTag fails to say anything, *not a word*, about Reinalt-Thomas's significant witnesses residing in Arizona and California, one of which GeoTag already knew about due to its past history with Know-Where. GeoTag further ignores the sworn statements from Reinalt-Thomas's Director of E-Business that *all* of the proof surrounding Reinalt-Thomas's allegedly infringing websites reside in Arizona or California, not in Texas. So the Court is left to speculate on why retaining the claims against Reinalt-Thomas is even warranted here, especially when the most critical factor in the analysis supporting transfer, the location of non-party witnesses, is utterly sidestepped by Geotag.

This brings us to GeoTag's "factual" assertions, which in reality are anything but that--

---

[1] GeoTag has now received two breaks on its Response, initially receiving a stipulated two week extension to respond by July 23, 2012. (Dkt. No. 280.) When GeoTag failed to meet the extended deadline without excuse, the Court *sua sponte* allowed GeoTag another pass until August 23, 2012. (Dkt. No. 306.) This is at least the second time GeoTag has filed a late response in related actions. (*See* J. Crew's Reply to Mot. to Sever and Transfer, Case No. 2:11-cv-405-MHS, Dkt. No. 400 at 1.) As such, GeoTag's response is untimely and should be treated as unopposed pursuant to Local Rule CV-7(d). *See Stump v. Barnhart*, 387 F. Supp. 2d 686, 690 (E.D. Tex. 2005).

GeoTag's allegations concerning witness locations are supported by reference to a "declaration" that GeoTag neither filed nor attached to its Response. And lastly, GeoTag's attempts at construing its Texas actions as proceeding efficiently on a consolidated basis belies its own recurring inability to timely respond to court-ordered briefing deadlines and the pending fallout from its recent move to dismiss long-standing counsel of record.

Because its accused website is different and the bulk of proof is in Arizona and California, Reinalt-Thomas should be dismissed for improper joinder; alternatively, the claims against it should be severed and transferred to Arizona or California.

## II. ARGUMENT

### A. Severance Is Proper Despite GeoTag's Mischaracterization Of The Factual Overlap Between Reinalt-Thomas And Other Know-Where Customers.

GeoTag argues that Reinalt-Thomas should not be severed because, "[u]pon information and belief," overlapping facts exist with three of the nearly forty 573 Action defendants based on their alleged status as customers of Know-Where Systems, Inc. ("Know-Where"). (GeoTag's Response Br., Dkt. No. 308 ("Resp."), at 2.) GeoTag overstates any potential overlap.

First, two of the three named Know-Where customers—Brake Centers of the Southwest, Inc. and Just Brakes of Nevada, Inc.—are related corporate entities both doing business as "Just Brakes," and both are accused by GeoTag of operating the same accused website, www.justbrakes.com. (Resp. at 2; Dkt. Nos. 1 at 12, 14; Dkt. No. 98 at 1.) Moreover, the accused store locator at www.justbrakes.com appears to use a Google mapping service, not a Know-Where mapping service. (Talcott Decl. (attached hereto as Ex. 1), at Ex. A.)

Second, the third Know-Where customer GeoTag relies on, The Pep Boys – Manny Moe & Jack, is a Philadelphia-based corporation whose accused store locator website, www.pepboys.com, is distinguishable from Reinalt-Thomas's on its face. (Dkt. No. 1, ¶ 72; Dkt.

2

No. 12 ¶ 2; *compare* Talcott Decl., Ex. B (Pep Boys store locator), *with id.*, Ex. C (Discount Tire store locator).) Other than its vague and conclusory assertions that their "software [is] provided by one vendor," GeoTag fails to show any specific factual overlap that exists between Reinalt-Thomas's and The Pep Boys' usage of Know-Where services relevant to misjoinder, for example whether they share similar Know-Where source code or database organization that would allegedly infringe the patent-in-suit. *See In re EMC Corp.*, 677 F.3d 1351, 1359-60 (Fed. Cir. 2012). GeoTag dismissed Know-Where, so it should not receive the benefit of the doubt here as to any lack of knowledge as to how Know-Where interacts with its customers. (Reinalt-Thomas Mot. ("Mot."), Dkt. No. 271 at 10.) Given that GeoTag has not shown any relevant factual overlap to undermine severance, Reinalt-Thomas should be dropped from the 573 Action.[2]

**B. Transfer To Arizona Or California Promotes The Interests Of Justice Over Keeping Reinalt-Thomas In Texas.**

Either the District of Arizona or the Central District of California is plainly the more convenient venue as to the claims against Reinalt-Thomas, and transfer to either will promote the interests of justice.

GeoTag concedes that a critical factor, ease of access to sources of proof, favors transfer (Resp. at 12), but GeoTag then just breezes on to other less weighty considerations as if this

---

[2] GeoTag argues, without citing contrary authority, that there is no controlling Fifth Circuit case law supporting dismissal to remedy misjoinder. (GeoTag Br. at 1, 6.) But the language quoted from *Tufts v. Texas*, 397 F. App'x 59, 60 (5th Cir. 2010) has never been criticized by a reported case, comes directly from controlling Fifth Circuit precedent, and was recently approved by this Court. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010) (cited by *Tufts*); *GeoTag v. Circle-K et al.*, Case No. 2:11-cv-405 (E.D. Tex. 2012), Dkt. No. 426 at 5 (citing *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3rd Cir. 1972) for the proposition that the "proper remedy in case of misjoinder is to grant severance or *dismissal of the improper party*") (emphasis added). GeoTag apparently confuses dismissal of a party with that of an action. *Cf.* FED. R. CIV. P. 21 ("Misjoinder of parties is not a ground for dismissing an *action*" but the court "may … drop a *party*") (emphasis added). Further, Reinalt-Thomas did not "ignore" this Court's *Circle-K* decision as GeoTag asserts (Resp. at 1), because the *Circle-K* decision was issued after Reinalt-Thomas timely filed its motion and the specific facts here still support Reinalt-Thomas's positions.

3

factor can simply be ignored.  It cannot.  As demonstrated by Mr. Bolland, all "servers, databases, source code, and other records" for the accused www.discounttire.com website are in Arizona, and the "vast majority" of knowledgeable Discount Tire employees are in Arizona.  (Bolland Decl., Dkt. No. 271-1 at ¶ 3.)  None are in Texas.  (*Id.*)  Further, all sources of Know-Where proof are located in California, which GeoTag does not (and cannot) dispute.  (*Id.* ¶ 4-5.)  Plus, it is unclear whether the majority of its own documents that GeoTag purports to have in Texas are located at its Frisco headquarters or in the Dallas office of its counsel.  (*See* Veenstra Decl., Ex. to GeoTag Br., Dkt. No. 308-1, at ¶ 9); *In re Horseshoe Entmt.*, 337 F.3d 429, 434 (5th Cir. 2003) ("location of counsel" is not relevant to venue transfer).  Thus, this is the usual case as contemplated by the Federal Circuit and as GeoTag concedes, where "the accused infringer … will most probably have the greater volume of documents relevant to the litigation." (GeoTag Br. at 11 (citing *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).)

As for the factors of compulsory process and costs of witness attendance, GeoTag's math is off and its facts rest solely on attorney argument.  Again, nearly *all* relevant Reinalt-Thomas witnesses are in Arizona, not Texas.  (Mot. at 2, 7-8.)  GeoTag faults Reinalt-Thomas for not identifying a third party witness, but GeoTag cannot deny that it is already familiar with at least one third party witness named Barry Bakalor, the founder of Know-Where, through GeoTag's history of suing and dismissing Know-Where and from Reinalt-Thomas having named Mr. Bakalor in its disclosure statement served *before* GeoTag's Response.  (*See* Mot. at 2; Talcott Decl., Ex. D at 3.)  GeoTag's bald assertions that two third party witnesses and three GeoTag witnesses reside in Texas are supported by citations to a "Buether Declaration" that was neither filed with the Court in connection with its brief nor served upon Reinalt-Thomas, thereby rendering them solely attorney argument.  (GeoTag Br. at 13, 15.)  Thus, Reinalt-Thomas has

specifically identified at least Mr. Bakalor and Mr. Bolland as witnesses who reside in California and Arizona, respectively, GeoTag has specifically identified no one.

As discussed in the Motion, the remaining factors considered on a Section 1404 request either favor transfer, or are neutral.

    **C.**    **Consolidation Will Not Promote Judicial Economy.**

Courts have discretion to grant motions to transfer and deny consolidation notwithstanding allegations of judicial economy. *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010). Indeed, fairness, not economy, is the most significant factor in consolidation. *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993); *DuPont v. So. Pac. Co.*, 366 F.2d 193, 196-97 (5th Cir. 1966). Here, GeoTag's argument for judicial economy overstates both the facts and the law. GeoTag stretches the facts by asserting that the litigation has so far efficiently proceeded on a consolidated basis. (Resp. at 8.) This ignores the evident inefficiencies demonstrated by, for example, GeoTag's inability to timely respond to briefing schedules and the delay caused by GeoTag's counsel's attempt to game the system by withdrawing its counsel from such a large and complex case. (*See, e.g.*, Dkt. Nos. 313, 315.)

GeoTag stretches the law by asserting that "the Eastern District often grants consolidation" without citing one case that extends to the situation where, as here, there are over four hundred different defendants with potentially different products. (Resp. at 8) Little is to be gained by consolidating the cases where the claims against Reinalt-Thomas will ultimately require, *inter alia*, separate invalidity and infringement experts with separate trials. (Mot. at 3-5); *see Bedrock Computer Techs., LLC v. SoftLayer Techs., Inc.*, No. 6:09-cv-269 (E.D. Tex. Mar. 28, 2011) (granting separate trials for two defendants on the same infringement issues).

* * *

Reinalt-Thomas's Motion should be granted.

Dated: September 4, 2012 /s/ Brian W. LaCorte
Brian W. LaCorte (AZ Bar No. 012237)
*Admitted Pro Hac Vice*
Jonathon A. Talcott (MN Bar No. 0391457)
*Admitted Pro Hac Vice*
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004
Telephone: (602) 798-5400
Fax: (602) 798-5595
lacorteb@ballardspahr.com
talcottj@ballardspahr.com

William Cornelius (TX Bar No. 04834700)
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711-7339
Telephone: (903) 509-5000
Facsimile: (903) 509-5091
wc@wilsonlawfirm.com

**ATTORNEYS FOR DEFENDANT THE REINALT-THOMAS CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on September 4, 2012, the foregoing document was filed electronically in compliance with Local Rule CV–5(a). As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV–5(a)(3)(A).

/s/ *Brian W. LaCorte*
Brian W. LaCorte
Attorney for The Reinalt-Thomas Corporation